UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SCHOOL UNION NO. 37, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Civil No. 05-194-B-W |
| v. | ) | |
| | ) | |
| MS. C. AND DB, | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION TO SUPPLEMENT THE RECORD**

School Union No. 37, the plaintiff in this Individuals with Disabilities Education Act action, has filed a motion seeking permission to supplement the administrative record. DB is a student who attended private schools outside of Maine in the years between 1999 and 2004. His mother, Ms. C, claims to be a resident of Dallas Plantation and she seeks reimbursement from Dallas Plantation/School Union No. 37 for transportation, room and board, and school-related fees for DB's private, out-of-state schooling during the 1999 to 2004 period.

With respect to its motion, the School Union presents as supplemental evidence the affidavit of Nicholas Nadzo, an attorney who represented Dallas Plantation/Union No. 37 at a 2003 pre-due-process-hearing conference in this dispute concerning DB's special education. The proceeding at issue in this federal suit concerns a subsequent 2005 due process hearing and the Nadzo affidavit is intended to support the School Union's collateral estoppel argument that the relief that the defendants seek here vis-à-vis the 2005 hearing is the same relief that they unsuccessfully sought in the 2003 hearing.

Ms. C and DB object to the motion to supplement arguing that the Union could have, but

chose not to, offered the Nadzo affidavit during the 2005 due processing hearing.

In its motion the School Union argues:

> In a previous special education due process proceeding initiated by
> Defendants, Defendants had requested the very relief sought in the instant
> action. Yet that relief was not awarded in the previous proceeding. In this
> action, Plaintiff raised a res judicata/collateral estoppel defense. At the
> close of the hearing, the hearing officer raised questions as to what
> happened at the pre-hearing conference regarding Defendants' claims for
> reimbursement of the non-tuition expenses they also sought in this action.
> Transcript at 209:3 – 210:10. Neither undersigned counsel nor Attorney
> Sneirson were present at the pre-hearing conference in the previous
> proceeding. Mr. Nadzo represented Dallas Plantation in that previous
> proceeding and attended the prehearing conference. His affidavit answers
> the questions raised by the hearing officer.

(Mot. Suppl. at 2.)

The substantive paragraphs of the Nadzo affidavit proffered by the School Union

are:

> 3.      After being advised that Dallas Plantation had concluded
> that Ms. C was not a resident, Ms. C requested the Commissioner of
> Education to resolve the residency issue. The Commissioner provided Ms.
> C the opportunity of choosing to have the Commissioner determine
> residency or of requesting a Special Education Due Process Hearing at
> which all matters could be considered. Instead of requesting the
> Commissioner to determine residency alone, Ms. C elected to file a
> Dispute Resolution Request Form with the State's due process
> coordinator, and specifically requested both a finding as to residency and a
> finding as to the School's liability for DB's transportation expenses and
> room and board costs.
> 4. On November 21, 2003, a pre-hearing conference was held with
> regard to the Due Process Hearing. Dr. Lynne Williams conducted the pre-
> hearing conference in her capacity as the Hearing Officer. Richard M.
> Morton, Esq., also attended the hearing as counsel for the Petitioner, Ms.
> C.  I attended the hearing as counsel for Dallas Plantation (Union #37).
> Also attending the hearing was Kenneth Coville, Superintendent of
> Schools.
> 5. The purpose of the pre-hearing conference was to clarify the
> issues for resolution at the Due Process Hearing.

6. During the pre-hearing conference, Superintendent Coville explained that, where a school unit such as Dallas Plantation does not have any schools, Maine law provides that students may attend any public or private school approved for tuition. In such event, unless the student's attendance is the result of a special education placement, the school unit is obligated to pay only the cost of tuition and transportation for elementary students, and only the cost of tuition for secondary students. Therefore, Mr. Coville explained that even if DB was determined to be a resident of Dallas Plantation, he would not be entitled to reimbursement of costs for transportation and for room and board which were being sought by Ms. C. As a result of the discussion, it was concluded that the request for reimbursement of non-tuition costs would not be pursued by Ms. C.

(Nadzo Aff. ¶¶ 3-6.)

In its memorandum the School Union argues that during the 2003 proceedings a dispute arose after Dallas Plantation cut off funding for DB's placement at a New Mexico school on the grounds that Ms. C was not a Dallas Plantation resident. During the 2003 due process hearing Ms. C asserted that she was a Dallas Plantation resident and that the School District was obligated to pay for DB's transportation, room and board, and tuition. The hearing officer's decision did not address the issue of reimbursement. At the time of the 2005 due process hearing, Dallas Plantation argued that the 2003 hearing officer implicitly found that the defendants were not entitled to travel and room and board. The 2005 hearing officer heard evidence concerning the 2003 hearing and Ms. C testified that there was no evidence or testimony presented at the 2003 hearing regarding costs for transportation and room and board. For its part, Dallas Plantation remained mum on this issue.

Relevant to the issue raised by this motion to supplement is the fact that in the wake of the 2005 hearing, but prior to final arguments, counsel for Ms. C and DB asked the hearing officer for permission to submit an affidavit from the 2003 hearing officer in the hopes of clarifying whether or not the issue of reimbursement was addressed in the

2003 proceeding.  Dallas Plantation objected to this request, <u>without making an offer of proof</u> (even though it was well aware of Attorney Nadzo's involvement in the 2003 proceeding).   The 2005 hearing officer refused to accept the affidavit proffered by Ms. C and DB.  What is more, and of moment to the current motion for supplementation, the parties argued the concerns about res judicata and collateral estoppel in their final submission to the hearing officer. Ms. C and DB requested that the 2005 hearing officer take administrative/judicial notice of the 2003 due process record.  And, although faced with this argument, Dallas Plantation did not draw the officer's attention to Attorney Nadzo's potential testimony.  Finally, the defendants argue that, in the event that the Court permit the plaintiff's supplemental evidence, they should be allowed to supplement the record with the affidavit of the 2003 hearing officer's affidavit that was rebuffed by the 2005 hearing officer.[1]

Section 1415(i)(2)(b) of title 20,  provides, as relevant, that this court, "shall receive the records of the administrative proceedings; []shall hear additional evidence at the request of a party; and [] basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C.§ 1415(i)(2)(c).[2] Under the controlling First Circuit precedent interpreting this provision, <u>Town of Burlington v. Department of Education for the Commonwealth of Massachusetts</u>, 736 F.2d 773 (1st Cir. 1984) and <u>Roland M. v. Concord School Committee</u>, 910 F.2d 983 (1st Cir. 1990)[3], I conclude that the motion to supplement should be denied.  I agree with the

---

[1]      In its reply to the defendants' objection the School Union does not refute the basis for the defendants' arguments against allowing supplementation but argue, only, that Ms. C and DB ought not be granted leave to supplement the record should the Court grant the School Union leave to supplement because the window for opportunity for seeking leave to supplement has passed (<u>see</u> Docket No. 9).
[2]      Both sides incorrectly cite to § 1415(i)(2)(B), a time limitation provision.
[3]      <u>See also</u> <u>Springer v. Fairfax County School Bd.</u>, 134 F.3d 659, 666 -67 (4th Cir. 1998); <u>but see</u> <u>Deal v. Hamilton County Bd. of Educ.</u>, 392 F.3d 840, 850-51 (6th Cir. 2004).

defendants that the plaintiff had ample opportunity to present this supplemental Nadzo evidence to the 2005 hearing officer, particularly given the fact that the substantive issue at stake here was joined when Ms. C and DB urged the 2005 hearing officer to consider the affidavit of the 2003 hearing officer apropos the collateral estoppel argument.  As punctuated by the First Circuit in <u>Roland M</u>, the administrative proceedings were not a dress rehearsal for this federal court litigation and those administrative proceedings cannot be leapfrogged because of lassitude or in the hopes of gaining some advantage in the federal district court forum.  <u>See</u> 910 F.2d at 996-97.[4]

Finally I note two things. This is decidedly not a case in which the movant is seeking a supplementation of the record because of developments in the student's history respecting the need for special education services that were only realized in an evidentiary sense following the administrative proceeding under review. <u>Compare</u> <u>Susan N. v. Wilson School Dist.</u>, 70 F.3d 751, 759 -63 (3d Cir. 1995); <u>Konkel v. Elmbrook School Dist.</u>, 348 F.Supp.2d 1018, 1023 -24 (E.D.Wis. 2004);  <u>Mr. I. v. Maine School Administrative Dist. No. 55</u>, Civ. No. 04-11-P-H, 2004 WL 2397402, *1 -3  (D. Me. Dec. 8, 2004) (unpublished); <u>Mavis v. Sobol</u>, 839 F.Supp. 968, 978 -81 (N.D.N.Y. 1993). And, second, this is not a situation in which the supplementation-seeking movant is challenging the propriety of the exclusion of the (now <u>re</u>-tendered) evidence in the administrative proceeding.  <u>Compare</u> <u>B.A. v. Cape Elizabeth School Committee</u>, Civ. No. 99-164-P-C, 1999 WL 1995213, *1 (D. Me. Dec. 7, 1999).

---

[4]     Given the fact that the issue at stake her was joined during the 2005 administrative proceeding there is no argument that the evidence was superfluous to the administrative proceeding but relevant to this civil action.  <u>Compare</u> <u>School Bd. of Collier County, Fla. v. K.C.</u>, 285 F.3d 977, 980 -82 (11th Cir.  2002).

For these reasons I **DENY** the plaintiff's motion for supplementation of the record.

<u>CERTIFICATE</u>

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

***So Ordered.***

March 2, 2006

> /s/ Margaret J. Kravchuk
> U.S. Magistrate Judge